IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AETNA LIFE INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> NEAL L. FISHER, PARAGON ANESTHESIA ASSOCIATES, P.A., PARAGON OFFICE SERVICES, LLC, AMBULATORY HEALTH SYSTEMS, LLC, OFFICE SURGERY SUPPORT SERVICES, LLC, AND PARAGON AMBULATORY PHYSICIAN SERVICES, P.A., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:12-cv-403-O |

## ORDER OF ABATEMENT

The Court takes notice that a lawsuit involving substantially identical facts, claims, and parties is pending in the Northern District of Texas, Dallas Division before the Honorable Sam A. Lindsay. *See Paragon Office Services, LLC, et al. v. Aetna, Inc., et al.*, Civil Action No. 3:11-cv-1898-L (the "Original Lawsuit"). The Original Lawsuit was filed in the 68th Judicial District Court for Dallas County on June 28, 2011, and subsequently removed to federal court by Defendants on August 3, 2011. In an order allowing Plaintiffs leave to file an amended complaint to add Aetna Life Insurance Company ("ALIC") as a party-Defendant to the Original Lawsuit, the Honorable Sam A. Lindsay stated that the instant lawsuit, which Aetna Life Insurance Company ("ALIC") filed on

1

February 7, 2012 (over six months after the Original Lawsuit was removed), involves "substantially the same parties, issues, and healthcare claims." *See* Civil Action No. 3-11-cv-1898-L, May 2, 2013 Mem. Op. at 7, ECF No. 79. He also described the instant lawsuit as "an almost identical suit." *See id.*[1] Notwithstanding the substantial overlap, ALIC failed to accompany its filing of the instant lawsuit with a notice of related case, as required by Local Rule 3.3(a).

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases are substantially similar." *The Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999). "The rule rests on principles of comity and sound judicial administration." *Id.* "The first-to-file rule . . . is essentially a forward-looking doctrine. Courts use this rule to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court." *Id.* (original emphasis). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985). "This concern applies where related cases are pending before two judges in the same

---

[1] In rejecting Defendants' opposition to Plaintiffs' motion seeking leave to join ALIC as a Defendant, the district judge opined that "any fault as to duplication of claims lies more with Defendants than Plaintiffs. Among Defendants is Aetna, who according to Defendants, is the parent and holding company of the Aetna entities. Presumably Aetna, already being a defendant in the present action, had knowledge as early as September 2011 that it was not a proper defendant and that the proper party was ALIC. Nonetheless, Aetna did nothing to join or move to substitute ALIC as a proper party in this suit, while ALIC filed a separate suit in federal court involving substantially the same parties, issues, and health care claims." *See* Civil Action No. 3-11-cv-1898-L, May 2, 2013 Mem. Op. at 7, ECF No. 79. The district judge further noted that he suspected one or both of the parties was engaging in gamesmanship, and cautioned both parties that further evidence of gamesmanship would be met with severe consequences. *Id.* at 9. The parties' failure to inform this Court of the pendency of the Original Lawsuit appears to confirm Judge Lindsay's suspicions.

2

district," as is the case here. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

Given the obvious and substantial overlap between the Original Lawsuit and the instant lawsuit, pursuant to the first-to-file rule, the Court hereby **STAYS** this civil action, **VACATES** the July 14, 2014 trial setting, and **DISMISSES** all pending motions without prejudice.[2] This stay shall remain in effect pending resolution of the Original Lawsuit, or an order from the Hon. Sam A. Lindsay to other effect. As no reason remains to keep this case open, the Court **directs** the Clerk of Court to **administratively close** this case. The Court further **directs** the Clerk of Court to file a copy of this Order on the docket sheet in Civil Action No. 3:11-cv-1898-L.

Finally, the Court **directs** ALIC to show cause why it should not be sanctioned for failing to abide by Local Rule 3.3(a), and file a notice of related case when it initiated this civil action. The obligation to inform the Court of a related case at the inception of a lawsuit is designed to prevent exactly this type of situation, where two federal courts are simultaneously considering identical claims and defenses raised by the same parties. The federal courts do not have the time, resources, or inclination to engage in this wasteful and easily prevented endeavor. The deadline for ALIC to file its show cause brief is **Monday, June 2, 2014.** No further briefing will be permitted absent leave of Court.

**SO ORDERED** this **28th day** of **May, 2014.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[2] Although the Court could certainly transfer the instant lawsuit to the district judge before whom the first-filed lawsuit is pending, given that the first-filed lawsuit is pending in the same district and division, a stay is appropriate and to the same end.

3